UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRUCE EATON,

  Plaintiff,

 v.              CAUSE NO. 3:25-CV-407 DRL-SJF

LONG,

  Defendant.

OPINION AND ORDER

Bruce Eaton, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Eaton alleges that he is being denied adequate hygiene supplies at Miami Correctional Facility. He says on December 16, 2024 Lieutenant Long confiscated soap and toothpaste from all the inmates in the Restricted Housing Unit (RHU), where Mr. Eaton is housed. Without these supplies, Mr. Easton says he has no way to wash his hands or body or to brush his teeth. He is unable to order his own supplies off commissary. Lieutenant Long says that the correctional officers are supposed to provide

the inmates with soap when they shower, but this doesn't happen because RHU is out of soap.

As a result of the lack of hygiene supplies, Mr. Eaton has developed an itch around his anus, on his feet, and in between his toes. He has developed painful blisters on parts of his body. On January 17, 2025, a nurse gave Mr. Eaton a pill to treat a fungal infection. He was seen by medical staff on February 11 and February 13 for this condition. He was diagnosed with a fungal infection and prescribed a 30-day course of medication.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation, *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834.

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (citations and quotations omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (when inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference"). Mr. Eaton has plausibly alleged Lieutenant Long denied him adequate hygiene materials in violation of the Eighth Amendment and may proceed against him.

However, he may not proceed against Warden Brian English. Mr. Eaton does not mention Warden English in the body of the complaint, so it appears the warden was not involved in the events that took place and is being sued solely because he oversees the prison. A claim under 42 U.S.C. § 1983 requires personal involvement in the alleged constitutional violation. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). This means that supervisors cannot be held liable just because their subordinates may have violated the constitution; to be held liable a supervisor must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). There are no such allegations here concerning Warden English. He will be dismissed.

Similarly, Centurion Health Services, the private company contracted to provide medical services at the prison, will be dismissed. Just as with the warden, a private company cannot be held liable for damages under § 1983 simply because it employed a medical professional who engaged in wrongdoing. *J.K.J. v. Polk Cnty.*, 960 F.3d 367, 377 (7th Cir. 2020). A private company performing a public function can be sued under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but only if the

"unconstitutional acts of their employees . . . were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). To allege a viable *Monell* policy claim, the plaintiff must identify an official policy, custom, or practice that caused him injury. *Id.*; *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017). There are no allegations that Mr. Eaton was injured by a Centurion policy, custom, or practice.

For these reasons, the court:

(1) GRANTS Bruce Eaton leave to proceed against Lieutenant Long in his individual capacity for compensatory and punitive damages for confiscating his soap and toothbrush in December 2024, leaving him with inadequate hygiene supplies for several months, causing him to develop a rash and blisters, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Brian English and Centurion Health Services;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Lieutenant Long at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Lieutenant Long to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

June 20, 2025                     *s/ Damon R. Leichty*
                                  Judge, United States District Court